IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE PERRENOD,

    Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

    Defendant.

No. C 12-03815 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action involving unpaid payroll taxes, defendants move for summary judgment. To the extent stated below, summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

The construction company Parallax Design and Construction, Inc. was incorporated in San Francisco in 2001 by plaintiff George Perrenod (president and CEO), Martin Romo (secretary and vice president of operations), and Stanley Thompson (CFO and treasurer). Due to the wrongdoing of Thompson, it was an ill-fated venture.

Each individual owned one-third of the interest in the corporation (Dkt. No. 29 at 5). Perrenod's salary was the highest of the three officers and was based on what the officers believed was the industry standard (*ibid.*). Perrenod was in charge of marketing and hiring and firing upper management employees (though he later took over the company's finances after Thompson was terminated). Thompson was responsible for payroll, preparing tax returns, accounting, bookkeeping, issuing and depositing checks, banking, and insurance. He also

produced quarterly financial statements (*id.* at 6). Romo was responsible for hiring the majority of the company's regular employees, worked with plaintiff to make policy and strategic decisions, and was in charge of day-to-day operations (Dkt. No. 29 at 6).

Parallax had no office when incorporated so Thompson kept the company's financial records at his home office where he did the majority of his work (Dkt. No. 1 at 4). He had complete control of the company's financial records and eventually changed Parallax's corporate address to his personal residence.

Parallax maintained its finances through Bank of the West from its founding until April 2005. The three officers had signatory authority over the accounts, but every check had to be signed by two of the three officers for security reasons. Prior to April 2005, most checks where signed by Thompson and Romo (Dkt. No. 39 at 23). Thompson was primarily in charge of the vendors' accounts, but Perrenod had some contact with the vendors (Dkt. No. 1 at 4).

In early 2005, Perrenod started receiving complaints from vendors and subcontractors that they had not been paid in several months. Perrenod asked Thompson to prepare an accounts payable report so that they could evaluate the truth of these claims at a shareholder's meeting. The report Thompson prepared was inconsistent with the claims of the vendors and subcontractors. Perrenod requested that Thompson prepare checks for the outstanding balances owed to the vendors and subcontractors, but instead Thompson wrote checks made out to himself and told Perrenod that Parallax owed him money based upon a previous loan (Dkt. No. 39 at 18–19).

In April 2005, Perrenod and Romo terminated Thompson by voting him out of the company at a directors' meeting (Dkt. No. 37). After his termination, Thompson refused to return the financial records, computers, or accounting software he used as treasurer and CFO of Parallax (Dkt. No. 29. at 7). Perrenod then began calling all of the company's creditors to identify outstanding balances. Perrenod's subsequent investigation revealed that Thompson had embezzled hundreds of thousands of dollars from the company and had failed to pay multiple creditors (*id.* at 16).

Even after his termination, Thompson used Parallax letterhead to defraud other entities. He filed fraudulent tax records so that returns that should have gone to Parallax instead went to his personal account (Dkt. No. 29 at 6). Perrenod alleges that Thompson also defrauded other entities, and fraudulently used Perrenod's identity to obtain credit cards in Perrenod's name. The State of California later pursued felony criminal charges against Thompson. Thompson pleaded no contest to felony counts for grand theft and tax fraud in 2007 (Dkt. No. 38 at 1).

Plaintiff took over the finances of Parallax after Thompson was fired in 2005. He hired Wells Fargo to file and pay Parallax's employment taxes (Dkt. No. 29 at 13). He was able to pay the amount owed to each subcontractor except one to whom Parallax continued to owe $10,000. Plaintiff also placed a call to the IRS in May 2005 to determine the late penalty for Parallax's failure to pay its withholdings payments for the fourth quarter of 2003 (Dkt. No. 29 at 7). He did not inquire about other tax periods.

Perrenod began winding up Parallax in 2005. He subsequently hired Shwiff, Levy & Polo LLP to help file corporate returns for 2005. The record does not reveal when Perrenod first learned that Parallax had not paid payroll withholding for the third and forth quarters of 2004.

In 2010, the IRS assessed penalties of $25,763.65 and $25,150.55 against Perrenod in his individual capacity for the third and fourth quarters of 2004. The outstanding balances as of today are $19,287.39 and $19,755.70, respectively (*id.* at 8).

Perrenod filed a complaint against defendant United States in 2012 praying for an abatement of the penalty assessments made against him, a refund of all funds applied to the penalties, and declaratory relief stating that plaintiff was not a "responsible person" for purposes of 26 U.S.C. 6672 (Dkt. No. 1 at 4). Defendants filed a counterclaim in December 2012 seeking judgment in favor of the United States against Perrenod in the amount of $43,398.83.

Defendants moved for summary judgment in June 2013. Perrenod's counsel missed the deadline to file an opposition and an order to show cause issued (Dkt. No. 30). Perrenod's counsel produced an opposition on June 25 (Dkt. No. 31).

**ANALYSIS**

Summary judgment is proper when the pleadings and the evidence in the record "show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and material only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The government raises two primary issues in its motion for summary judgment: (1) whether Perrenod was a responsible person at Parallax within the meaning of Section 6672, and (2) whether Perrenod willfully paid creditors instead of paying tax debts owed to the IRS. As to the first question, Perrenod does not contest he was a responsible person after Thompson's termination in April 2005 through the winding-up of the business in 2006. Thus, to this limited extent, summary judgment is **GRANTED IN PART**. As to Perrenod's responsibility before 2005 and the question of willfulness, summary judgment is **DENIED**.

"Although the concepts of willfulness and responsibility, as used in Section 6672, are mixtures of fact and law, the primary ingredient in any particular case is factual." *Klotz v. United States*, 602 F.2d 920, 923 (9th Cir. 1979). The term "responsible person" — though regularly applied by our court of appeals — does not appear in Section 6672. The provision states:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Our court of appeals considers a variety of factors when analyzing whether an individual qualifies as a responsible person for the purposes of Section 6672:

> Under § 6672, persons responsible have the final word as to what bills should or should not be paid and when. The final word does not mean "final" but instead "the authority required to exercise significant control over the corporation's financial affairs, regardless of whether the individual exercised such control in fact."

4

> Responsibility is a matter of status, duty, and authority, not knowledge. . . . Although an individual's daily functions may be unrelated to financial or tax-related decision-making, that individual may be "responsible" by having the authority to pay or to order the payment of delinquent taxes. . . . Courts must look beyond official titles to the actual decision-making process. . . . [Relevant factors include] the individual's duties as outlined in the corporate bylaws, his ability to sign checks, his status as an officer or director, and whether he could hire and fire employees . . . [with] the most critical factor being significant control over the enterprise's finances.

*United States v. Jones*, 33 F.3d 1137, 1139–40 (9th Cir. 1994) (citations, quotations, and modifications omitted).

The government contends that the available facts demonstrate that Perrenod was a responsible person at Parallax prior to April 2005. Pointing primarily to Perrenod's own deposition transcript, the government highlights Perrnod's status as the president, CEO, and highest-paid shareholder of Parallax; his shared responsibility for hiring and firing employees; and his authority to co-sign checks. Perrenod disagrees. Pointing to the same deposition, Perrenod counters that Thompson (the CFO) made decisions regarding which and in what order outstanding debts were to be paid, that Thompson exercised control over daily bank accounts and disbursement records, and that Romo (the vice-president of operations) managed Parallax's day-to-day operations. This dispute turns on a qualitative weighing of the facts and the credibility of Perrenod's testimony. It is therefore unsuitable for summary judgment.

The government argues that because Perrenod concedes he was a responsible person after April 2005, Perrenod is still liable for previously incurred tax liabilities under *Davis v. United States*, 961 F.2d 867, 871 (9th Cir. 1992), regardless of whether he is deemed a responsible person for any earlier time period. In *Davis*, a corporate officer deemed responsible *knowingly* paid creditors instead of the IRS. Here, the record does not reveal whether Perrenod had actual knowledge of the tax liabilities prior to paying creditors. *Davis* is threfore inapposite.

The government contends that *Davis* remains applicable because Perrenod's actions were reckless — and therefore willful — despite the absence of actual knowledge. A "reckless disregard" of whether the taxes are being paid over, as distinguished from actual knowledge of whether they are being paid over, may suffice to establish willfulness," but "the Government

5

must prove more than mere negligence." *Phillips v. United States I.R.S.*, 73 F.3d 939, 942 (9th Cir. 1996). A "responsible person" who pays creditors other than the government acts with reckless disregard if "the party, first, clearly ought to have known that; second, there was a grave risk that withholding taxes were not being paid; and if, three, he was in a position to find out for certain very easily." *Id.* at 943.

The government contends that Perrenod ought to have known that Thompson was unreliable when Perrenod discovered in early 2005 that Thompson was not paying creditors. During Perrenod's subsequent investigation of Thompson's embezzlement, Perrenod discovered that certain taxes were unpaid and others were paid late, further weighing in favor of a finding of recklessness. (The government does not argue that facts in the record show reckless disregard prior to 2005.)

Perrenod counters that prior to 2005, Thompson effectively concealed his malfeasance by exercising total control over all financial records. After Perrenod discovered the embezzling, Thompson refused to turn over the enterprise's financial records, making it difficult for Perrenod to reconstruct the wrongdoing. Perrenod contends that his subsequent investigation and efforts to pay creditors were swift and reasonable, or at most, negligent. Whether Perrenod's actions amount to reckless disregard, negligence, or non-culpable conduct is a question of fact that again turns heavily on a qualitative weighing of the facts and the credibility of Perrenod's own testimony. Summary judgment on this issue is accordingly **DENIED**.

## CONCLUSION

Perrenod concedes that he was a "responsible person" within the meaning of Section 6672 after April 25, 2005. To this limited extent, summary judgment is **GRANTED IN PART**. The remainder of the government's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6